**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

# FILED



OCT 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORTH EAST MEDICAL SERVICES, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, Health and Human Services Agency, State of California; et al., <br><br> Defendants-Appellees. | No.   16-15284 <br><br> DC No. CV 12-02895 CW <br><br> MEMORANDUM[*] |
| UNITED STATES ex rel. LOI TRINH and ED TA-CHIANG HSU; STATE OF CALIFORNIA ex rel. LOI TRINH and ED TA-CHIANG HSU, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> NORTH EAST MEDICAL SERVICES, INC., <br><br> Defendant-Appellant. | No.   16-15291 <br><br> DC No. CV 10-01904 CW |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted September 12, 2017
San Francisco, California

Before:    WALLACE, TASHIMA, and WATFORD, Circuit Judges.

Appellant North East Medical Services, Inc. ("NEMS") appeals from the magistrate judge's enforcement of a settlement, the district court's entry of judgment, and the court's denial of NEMS' motions to set aside the settlement.

NEMS is a medical service provider that receives substantial revenue from Medi-Cal reimbursements. In 2010, NEMS was sued under the California and federal False Claims Acts for allegedly under-reporting payments and thereby receiving inflated reimbursements. Both the United States—representing the Department of Health and Human Services ("HHS")—and the state of California intervened. NEMS also sued California for allegedly miscalculating its payments and later brought a second action relating to the timing of payments. The district court related the two NEMS suits to the false claims action.

In September 2014, after settlement negotiations coordinated by a magistrate judge, the parties placed on the record an oral settlement agreement. The parties

2

agreed that the settlement was contingent on "NEMS' resolution of its federal administrative remedies with Nancy Brown at HHS." Attempts to reduce the settlement to writing faltered. In January 2015, the magistrate judge enforced the settlement. The district court entered judgment in August 2015, and denied NEMS' subsequent motions in February 2016 to set aside the settlement. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

NEMS contends that the administrative remedies provision was a condition precedent to settlement and that, because it was not satisfied, the magistrate judge erred when she enforced the settlement.

An oral settlement is a binding agreement. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002). We review both the enforcement of a settlement and the denial of a motion for relief from a judgment for abuse of discretion. *Id.*; *Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009).

"A settlement agreement is treated as any other contract for purposes of interpretation." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). Federal contract law applies to contracts to which the federal government is a party. *Mohave Valley Irrigation & Drainage Dist. v. Norton*, 244 F.3d 1164, 1165 (9th Cir. 2001). Under federal contract law, "[a] condition precedent is a fact . . . which must exist or occur before a duty of

3

immediate performance of a promise arises." *United States v. Schaeffer*, 319 F.2d 907, 911 (9th Cir. 1963). Conditions precedent are disfavored absent unambiguous language. *Id.* We interpret the contract language "in the light of the surrounding facts and circumstances." *Id.*

The parties agree that a final settlement was expressly "contingent" on NEMS' resolution of its administrative remedies with HHS. It is plainly a condition precedent. At issue is whether the condition occurred. Although the magistrate judge found that the administrative remedies provision was a condition precedent, she stated that the provision was fulfilled when HHS indicated it would accept a state audit process in lieu of a corporate integrity agreement ("CIA") because, in her view, the CIA was the only administrative remedy at issue. The governments so contend.

However, the parties' and magistrate judge's communications leading up to the oral settlement agreement reflect a mutual understanding that HHS's potential administrative remedies included more than just a CIA. Due to a prior settlement, NEMS was concerned that HHS might pursue program exclusion, which would cut off NEMS from future participation in government healthcare programs. NEMS explicitly mentioned exclusion in an email to the magistrate judge.

The United States and the magistrate judge also recognized that exclusion was a possible administrative remedy. In an email sent to both NEMS' counsel and the magistrate judge the day before the settlement was placed on the record, federal government counsel stated that NEMS would need to resolve "HHS administrative remedies, including exclusion" directly with HHS. Accordingly, government counsel referred NEMS to HHS. The magistrate judge mentioned "exclusion" as one of HHS' possible administrative remedies in an email the same day. Thus, the administrative remedies condition precedent is best read as encompassing both exclusion and a CIA.

After NEMS' discussions with HHS, the agency indicated only that it would waive a CIA. Whether HHS would pursue exclusion was not resolved. This means that the administrative remedies condition precedent was not satisfied. Therefore, it was an abuse of discretion to enforce the settlement.[1]

We reverse the order enforcing the settlement, as well as the judgment, and remand for further proceedings consistent with this disposition. Costs on appeal are awarded to Appellant NEMS.

**REVERSED and REMANDED.**

---

[1] Because we reverse enforcement of the settlement on this ground, we need not address the other contentions raised by NEMS. NEMS' pending motion to supplement record on appeal is denied as moot.